UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eidl Schonfeld,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Credit Corp Solutions, Inc.;<br>and John Does 1-25,<br><br>Defendant. | Case No.: 7:21-cv-4963<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Eidl Schonfeld brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Credit Corp Solutions ("Credit Corp"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Credit Corp is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address c/o Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

9. Upon information and belief, Defendant Credit Corp is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendant whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Credit Corp sent a letter attempting to collect a consumer debt;

   c. that contradictorily states both that the balance will not change and that the balance may change;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

        complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to January 29, 2021, Plaintiff allegedly incurred obligations to non-party Synchrony Bank/Home Design ("Synchrony").

22. The obligations arose out of transactions incurred primarily for personal, family, or household purposes.

23. The alleged Synchrony obligations are each a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to Defendant's letter, Credit Corp is the current creditor.

26. Upon information and belief, it appears that the debt was assigned or sold to Credit Corp.

27. Credit Corp collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

<u>*Violation – January 29, 2021 Collection Letter*</u>

28. On or about January 29, 2021, Defendant sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

29. The Letter states in bold lettering, "Tax return on the horizon? Take advantage of this 10% discount and SAVE $94.43!*".

30. The asterisk then refers to the statement lower down in the letter that, "*The percentage and amount saved is based on today's balance and may vary over time".

31. The meaning of this statement is that the balance may change in the future.

32. The Letter also states, "As of the date of this letter the balance is $934.28. Your account is not accruing interest, fees or charges."

33. The meaning of this statement is that the balance will not change because no further amounts are being added.

34. These statements contradict each other.

35. The balance cannot be both potentially changing and at the same time never changing.

36. If no further amounts are being added, the debt is static.

37. However, if the balance may vary over time, then the debt is dynamic.

38. Stating, or implying, that the amount may increase while simultaneously stating or implying that it will not increase is false and/or deceptive.

39. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

40. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection or at least that it was questionable.

41. The letter materially misled Plaintiff because an individual with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

42. Because of the contradictory statements, Plaintiff did not understand the letter and was therefore prevented from acting.

43. If the balance was static, Plaintiff perhaps would not have paid it.

44. But if the debt were dynamic perhaps Plaintiff would have paid it.

45. But there was no way for Plaintiff to determine which of these actions were in her best interests due to the deceptive, unfair, and fraudulent acts by Defendant.

46. A uncertainty about a rising balance is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

47. The letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

48. Plaintiff was unable to evaluate her options of how to handle this debt.

49. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

50. Because of the letter, Plaintiff expended time, money, and effort in determining the proper course of action.

51. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

52. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

56. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

57. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated said section by stating or implying that the balance may simultaneously rise and remain the same, in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. In the alternative, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by unfairly and unconscionably collecting the alleged debt, as described above.

67. By reason thereof, Defendant are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eidl Schonfeld, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Corp as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: June 4, 2021 | Respectfully submitted,<br>**Stein Saks PLLC**<br>s/ Eliyahu Babad<br>By:  Eliyahu Babad, Esq.<br>285 Passaic Street<br>Hackensack, NJ 07601<br>Phone: (201) 282-6500 ext. 121<br>Fax: (201) 282-6501<br>EBabad@SteinSaksLegal.com<br>*Attorneys for Plaintiff* |